UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EDRISS GILLES, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE UPON EDRISS GILLES**<br>**(DOC. NO. 5)**<br><br>Case No. 2:23-cv-00841<br><br>Magistrate Judge Daphne A. Oberg |

On November 16, 2023, Plaintiff Alder Holdings, LLC (a security company) filed this action against Defendant Edriss Gilles, alleging Mr. Gilles works for a competitor of Alder and has made false or misleading statements to Alder customers in order to lure customers to switch to another security company.[1] Alder has now filed a motion for alternative service, seeking leave to serve the complaint on Mr. Gilles via email, text message, and mail.[2] Because Alder has shown Mr. Gilles cannot be located despite diligent efforts and its proposed methods of service are reasonably calculated to apprise Mr. Gilles of the action, Alder's motion for alternative service is granted.

LEGAL STANDARDS

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

---

[1] (Compl. ¶¶ 13–14, 18–32.)

[2] (Ex Parte Mot. for Electronic Serv. Upon Edriss Gilles ("Mot."), Doc. No. 5.)

1

where service is made."³  Because Alder filed this action in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."⁴  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."⁵  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."⁶  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."⁷

---

³ Fed. R. Civ. P. 4(e)(1).

⁴ Utah R. Civ. P. 4(d)(1)(A).

⁵ Utah R. Civ. P. 4(d)(5)(A).

⁶ *Id.*

⁷ Utah R. Civ. P. 4(d)(5)(B).

ANALYSIS

As explained below, Alder has demonstrated diligent efforts to locate and serve Mr. Gilles, and its proposed methods of service are reasonably calculated to apprise Mr. Gilles of this action.

I.   *Efforts to locate and serve Mr. Gilles*

Alder states that it initially obtained Mr. Gilles's contact information through his solicitations of Alder's customers.[8]  Specifically, Mr. Gilles provided his name (which Alder notes is a unique name) and a phone number when interacting with Alder's customers.[9]  Using this name and phone number, Alder performed a skip trace search, which returned two possible physical addresses—each located in Miami, Florida—and one email address.[10]  Alder attempted to serve Mr. Gilles at the two physical addresses, but Mr. Gilles could not be found at either.[11]  At the first physical address, a woman answered the door and stated she had moved into the house five months earlier, and she had never heard of Mr. Gilles.[12]  The second physical address apparently did not exist.[13]  Alder's counsel called the phone number and sent a message to the email

---

[8] (Mot. 2, Doc. No. 5.)

[9] (*Id.*)

[10] (*Id.*)  A LinkedIn profile under Mr. Gilles' name also lists the competitor company as his employer and indicates he is located in the Miami area.  (*See* Ex. A to Mot., LinkedIn Profile, Doc. No. 5-1.)

[11] (*Id.* at 2–3.)

[12] (*See* Ex. B to Mot., Return of Non-Serv., Doc. No. 5-1.)

[13] (*See* Ex. C to Mot., Return of Non-Serv., Doc. No. 5-1.)

3

address, and while both appear to still be in service, no one responded to the call or email.[14]

Alder has demonstrated its attempts to serve Mr. Gilles were reasonably diligent. It performed a skip trace based on a phone number and name Mr. Gilles himself provided, and attempted to serve Mr. Gilles through every means of contact the skip trace found, including attempting service at two physical addresses, a phone number, and an email address. Such attempts are reasonably diligent under the circumstances.

## II.    Methods of service

Alder proposes to serve Mr. Gilles via email, mail, and text.[15] More specifically, Alder proposes emailing service documents to Mr. Gilles at the email address provided by the skip trace search, mailing the documents to the physical addresses provided by the skip trace search, and sending the documents via text message to the phone number Mr. Gilles provided to Alder's customers.[16] Alder contends service by email is appropriate becase the email was identified by the skip trace search.[17] Alder also states service by mail is appropriate "because it appears that [Mr.] Gilles was located at the Miami address approximately six months ago and mail forwarding may be available (or the postal service may return the mail with a new address for [Mr.] Gilles if mail

---

[14] (*See* Mot. 3, Doc. No. 5; Decl. of Jason R. Hull ¶ 4, Doc. No. 7.)

[15] (Mot. 4, Doc. No. 5.)

[16] (*Id.* at 4–5.)

[17] (*Id.*)

forwarding has ended)."[18]  Finally, Alder argues service by text message is approrpiate because Mr. Gilles provided the phone number to Alder's customers.[19]

Where Mr. Gilles provided the name and phone number himself, and the skip trace based on that name and phone number linked the physical and email addresses to Mr. Gilles, Alder's proposed means of service are reasonably calculated to apprise Mr. Gilles of this action.  Because Mr. Gilles has not responded to any communications sent to the phone number or email address, Alder will be required to send three emails and three text messages per week for two consecutive weeks.

## CONCLUSION

Because Alder has diligently attempted to locate and serve Mr. Gilles, and Alder's proposed methods of service are reasonably calculated to apprise Mr. Gilles of this action, Alder's motion[20] is granted.  The court orders as follows:

1. Alder may serve Edriss Gilles by doing each of the following:

    a. mailing a summons, the complaint, and a copy of this order to the two Miami addresses provided by the skip trace search.  If the recipient or post office provides a forwarding address, Alder must attempt to physically serve that address as generally required under the Utah Rules of Civil Procedure.  If physical service fails, Alder must mail the documents to the forwarding address.

---

[18] (*Id.* at 5.)

[19] (*Id.* at 4.)

[20] (Doc. No. 5.)

5

    b. emailing the same documents to Mr. Gilles's email address provided by the skip trace search, three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received acknowledging receipt).

    c. sending the same documents via text message to Mr. Gilles's phone number listed in the motion, three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received acknowledging receipt).

2. Service shall be deemed complete upon completion of the steps set forth above. Alder shall file proof of compliance with this order.

DATED this 26th day of March, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge